LABORDE, Judge.
This appeal involves a concursus proceeding which was filed by State Mutual Life Assurance Company of America (State Mutual) to determine the person to whom $25,-000.00 in life insurance proceeds is due.[1] The district court rendered judgment in *456 favor of Wordna Guillory Castille and against State Mutual, Fonda Hackett Cas-tille, and Wanda Nesom. Wanda Nesom appeals. We affirm.
In August of 1981, Ray Allen Castille, Jr. joined a group insurance plan on a policy issued by State Mutual. Fonda Hackett Castille, Ray’s wife, was designated as beneficiary.
Sometime in 1982, Ray and Fonda physically separated. Ray then became romantically involved and cohabited with the appellant, Wanda Nesom. During this interlude, Ray designated Wanda as the new beneficiary under the policy. After a few months, Ray and Wanda separated; Wanda returned to her husband, and Ray returned to his mother, appellee Wordna Guillory Castille. On November 22, 1982, Ray was killed in an offshore accident. Before the body was flown in from offshore and consigned to the grave, Fonda (Ray’s wife) and Wanda (Ray’s ex-paramour) executed an authentic “Act of Donation, Assignment and Transfer,” conveying all of their “rights, title and interest” in the insurance policy to Wordna (Ray’s mother).[2] In the same act, Fonda and Wanda further authorized and directed State Mutual to pay all sums due under the policy to Wordna.[3] The record reveals that State Mutual deposited $25,000.00 (the amount payable under the policy) into the registry of the District Court before trial began. The insurer was then excused from the proceedings. Resolution of this case turns on the force and effect to be accorded the authentic “Act of Donation, Assignment and Transfer.”
Appellant alleges that the district court’s failure to set aside the donation on the grounds of fraud, unconscionability, and violation of public policy constitutes reversible error. Specifically, she urges that appellee fraudulently induced her to sign away her rights to the insurance proceeds under the pretext that the Castille family needed the money to give the departed a decent burial. Beside herself with grief, she explains, appellant succumbed to the ploy, and unwittingly divested herself of her rights. Appellee lodged a timely objection to appellant’s offer of testimony supporting the assertion. The objection was improperly overruled, for La.Civ.Code art. 1492 provides: “Proof is not admitted of the dispositions having been made through hatred, anger, suggestion or cap-tation.” The cited article appears in the chapter of our Civil Code entitled: “Of The Capacity Necessary For Disposing And Receiving By Donation Inter Vivos Or Mortis Causa.” As such, its injunction applies equally to donations inter vivos and donations mortis causa.
Admission of testimony on this point did not adversely affect Wordna’s claim to the proceeds, for she prevailed in the district court. Still, it should have been excluded. Consideration of appellant’s testimony or any other evidence of captation would be no less improper on appeal.
To further support our conviction that the authentic act was in all respects valid and binding, we reproduce the district court judge’s reasons for judgment on this issue:
“The second question is more involved and addresses itself to the question of whether or not the act executed by Wanda Nesom is valid because of the circumstances surrounding the execution thereof.
While it is true that Wanda Nesom is not overly intelligent, and has had certain mental problems in the past, the evidence clearly shows that she understood the act she executed. Mr. William Brinkhaus, a highly respected member of the Bar who prepared and executed the act, testified that not only did he read the *457 act but explained it to the parties. The court believes Mr. Brinkhaus did so.
The court holds as a fact proven that the act was knowingly and voluntarily executed by Wanda Nesom and Fonda Hackett Castille.
While it is true that Wordna Guillory Castille showed no gratitude whatsoever with the exception of giving Wanda Ne-som the sum of $300.00 at one time, and unfeelingly and selfishly refusing [sic] to give her $70.00 at another time, when Wordna Guillory Castille had at least $10,000.00 on deposit in the bank, still the court must hold in conformity with the law and the jurisprudence that the act is legal and valid.
Wanda Nesom acted foolishly, but nontheless [sic] her act is legal and binding, and therefore the court must hold that Wordna Guillory Castille is entitled to the money on deposit in the Registry of the Court.”
We agree with the decision reached by the learned trial judge. For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant Wanda Nesom’s costs.
AFFIRMED.
APPENDIX A
STATE OF LOUISIANA ACT OF DONATION, ASSIGNMENT AND
PARISH OF ST. LANDRY TRANSFER
BEFORE ME, the undersigned authority, personally came and appeared:
WORDNA GUILLORY CASTILLE, 220 Daisy Lane, Opelousas, Louisiana, mother of the deceased, RAY ALLEN CASTILLE, JR.
FONDA HACKETT CASTILLE, 2015 Chicot Park Rd., Ville Platte, Louisiana 70586, wife of the deceased, RAY ALLEN CASTILLE, JR., AND
WANDA NESOM, 4757 Evangeline St., Baton Rouge, Louisiana 70805, friend and listed beneficiary of the deceased, RAY ALLEN CASTILLE, JR. who do enter into the following:
WAMDA NESOM and FONDA HACHETT CASTILLE, stated that by these presents they do hereby donate, transfer and assign all of their rights title and interest in the following policies of insurance to WORDNA GUILLORY CASTILLE, and they do further authorize and direct the insurance companies and Loffland Brothers Co., the policy holder, to pay all sums due under the below described policies to said WORDNA CASTILLE.
1. Prudential Life Insurance Company of America Policy No: 89094 Branch 54 in the principal sum of $26,200 and tho double indemnity sum of $26,200.00 and
2. State Mutual Life Assurance Co. of America , Policy No: 51677 in the sum of $25,000.00
[[Image here]]
*458 The parties hold harmless the respective insurance companies and I.offland Brothers Co. from any liability as a result of their following this assignment of benefits as shown above.
[[Image here]]

. The above numbered and entitled matter was consolidated at the trial level and on appeal with the case of Castille v. State Mutual Life Assurance Company of America, 487 So.2d 459 (La.App 3d Cir.1986). We will dispose of all issues presented in both cases in this opinion, but will render a separate decision in Castille, supra.

. The same authentic act conveys Fonda’s and Wanda’s interest in a second policy insuring Ray’s life, issued by the Prudential Life Insurance Company of America. This second policy is not involved on this appeal.

. A copy of the authentic act is attached as Appendix "A."